Christian, J.
The defendant in error was tried before the County *11 court of Prince Edward, upon an indictment charging . him with exhibiting an unlawful game. The jury returned a verdict of guilty, and “ascertained his fine at five hundred dollars.” Upon this verdict the court (fixing his imprisonment at four months in the county jail) entered the following judgment:
“It is considered by the court that the Commonwealth recover against the defendant, Edgar Allan, the sum of five hundred dollars, the fine by the jury in their verdict assessed, and the costs of this prosecution; and that the said Edgar Allan be imprisoned in the jail of this county for the term of four months, and afterwards, until he shall pay the said fine and costs aforesaid, or be otherwise discharged by due course of law. And thereupon the said Edgar Allan is remanded to jail.”
This judgment was entered on the 25th May, 1872, and from this judgment no appeal was taken by the defendant ; but application was made to the Governor of this Commonwealth for a pardon. On the 9th day of August, 1872, the following pardon was issued by the Governor:
“ The Commonwealth of Virginia :
“ To all to 'whom these presents shall come, greeting :
“ Whereas at a County court held in and for the county of Prince Edward, in the month of. May, 1872, Edgar Allan was convicted of a misdemeanor, and was thereupon sentenced to be imprisoned in the county jail for the term of four months: And whereas it appears to the Executive, from the recommendation of the Judge of the court which tried the prisoner, after an examination of the certificate of physicians, affidavits and other paper's accompanying the petition for pardon, that he is a fit subject for clemency:
“ Therefore, I, Gilbert C. Walker, Governor of the Commonwealth of Virginia, have, by virtue of the authority *12 vested in me, Pardoned, and do hereby pardon and remit so much of the sentence of the court as orders that the defendant be imprisoned in the county jail for the term of four months. Given under my hand, and under the ¡egger geai 0f the Commonwealth, at Richmond, this 9th day of August, 1872, and in the 96th year of the Commonwealth. (Signed,)
Gilbert C. Walker.
By the Governor:
James McDonald, Secretary of the Commonwealth.”
The record does not show when the defendant was released from jail; but the presumption is, that he was discharged upon the receipt of the Governor’s pardon. He was certainly at large on the 14th November, 1872; for on that day a capias pro finesas issued from the clerk’s office of the County court of Prince Edward. Under this capias he was arrested by the sheriff of Prince Edward-; and while in his custody a writ of habeas corpus was issued (on the 16th November, 1872) by the honorable A. D. Dickinson, Judge of the Circuit court of Prince Edward county, on the petition of the said Edgar Allan, commanding said sheriff “to have the body of said petitioner before said Judge, at the court-house at Earmville, at 12 o’clock, M., on Wednesday the 20th day of November, 1872, with the cause of his detention.” To this writ the sheriff made the following return:
“ The within named Edgar Allan was taken into my custody on the 16th November, 1872, by virtue of the following process, to wit: A writ from the clerk’s office of the County court of Prince Edward, commanding the sheriff of Prince Edward county to take him and safely keep until he shall satisfy a fine of five hundred dollars, awarded against him on a conviction of á misdemeanor, and $19 92 costs; which said writ is herewith returned: And he is detained for no other cause.”
*13 The case was heard before the Judge of the said Circuit court, the defendant exhibiting the record of the judgment of the said County court and the pardon of the Governor above referred to. And thereupon the following order was entered by the said Circuit Judge:— “It appearing to the court that the judgment on which the said writ of capias pro fine was issued, was rendered at the May term of the said comí, 1872, and that the said Edgar Allan had received from the Governor of Virginia, Gilbert C. Walker, on the ninth day of August, 1872, pardon for the offence for which said judgment was rendered; and that since that time no further judgment has been rendered by said court against said Edgar Allan, it seems to the comí that the said Edgar Allan is illegally detained in custody; and it is therefore ordered that he be discharged.”
It is from this judgment that a writ of error has been allowed to this court.
I deem it wholly unnecessary to consider the question discussed at the bar, as to the effect of the Governor’s pardon and remission of the four months’ imprisonment imposed by the court, in releasing the defendant from the whole punishment, the fine as well as the imprisonment. However that question might be determined upon common law principles, relied on by the defendant in error, I think it is definitively settled by the statute law of this Commonwealth. Chap. 17, §§ 24-5, of the Code (I860,) p. 122, provides, (§ 24): “The Governor shall not remit, in whole or in part, any fine or amercement assessed or imposed by any court of record, court martial or other authority having jurisdiction to assess or impose the same, except as follows, (§ 25): Whenever judgment has been rendered against any person for contempt of court, other than for non-performance of, or disobedience to some order, decree or judgment, the Governor shall *14 have power to -pardon the offence and remit the punishment, whether corporeal or pecuniary, either in whole-or in part.”
The case before us, not coming within the exception of the 24th section, it was manifestly not a case in which the Governor had the authority to remit the fine; but is within the class of cases in which the Legislature have expressly declared that “the Governor shall not remit the fine, in whole or in part.”
The Governor, under the plain provisions of the statute law, had no authority to remit the fine. All that he could do, under the powers with which he was invested by law, was to remit the sentence of the court, ordering the imprisonment of the defendant for the term of four months. Aud this is all which the pardon purports to do by its express terms.
The Governor well knew that his powers in the premises were limited and defined by the statute law; and thus cautiously expresses the exercise of the Executive clemency: “Therefore I, Gilbert C. Walker, Governor of the Commonwealth of Virginia, have, by virtue of authority vested in me, pardoned, and do hereby pardon and remit, so much of the sentence of the court as ordered that the defendant be imprisoned in the county' jail for the term of four months.”
He did not attempt to remit (as he had no power to remit) the fine of five hundred dollars by the jury assessed; nor did he attempt to “interfere (as he had no power to interfere) with the judgment of the county court of Prince Edward, (except as to the four months’1 imprisonment "imposed by the court,) which ordered that the said Edgar Allen be imprisoned in jail for the" term of four months; and afterwards, until he shall pay the said fine and the costs, or be otherwise discharged by due course of law.” It is very clear that under the pro *15 visions of the statute law, and the express terms of the pardon, that instrument did not discharge the defendant from the payment of the fine of five hundred dollars, due to the Commonwealth, as a part of the punishment prescribed by statute and assessed by the jury for a violation of her laws.
The only effect which the pardon of the Governor was intended to have, or could have, under our laws, was to remit “so much of the sentence of the court as ordered the defendant to be imprisoned for the term of four months.” But the judgment of the court was, that he be “imprisoned in the county jail for the term of four months, and afterwards, until he pay the said fine and costs,” &c. The effect of the pardon was to relieve him of the four months’ imprisonment; but it did not at all affect the remaining part of the judgment.
As was before observed, the record is silent as to how he was released from jail; but, upon the presumption most favorable to the defendant, that he was discharged by the sheriff, (and did not escape,) upon the receipt of the Governor’s pardon, the only remaining question to be considered is, how far such discharge by the sheriff would operate to relieve him from the payment of the fine, or affect in any way the remedies of the Commonwealth to enforce its payment. Whether the sheriff', upon the receipt of the Governor’s pardon, released the defendant without authority; or whether, in execution of the judgment of the court, it was his duty to hold the defendant for the term of four months, “and afterwards, until the fine was paid or he was discharged by due . course of law,” it is not necessary to decide in this case
But it is said, that whether the sheriff acted with or without authority, the discharge of the defendant ope *16 rated, as a complete discharge of all liability to the Cornmonwealth.
It is likened to the case of a debtor in execution, under a cavias ad satisfaciendum, when the discharge of the debtor from custody is a satisfaction of the debt. If the defendant had been in execution under a capias pro fine, (which was not the case, for he was in the custody of the sheriff, unde ’ the judgment of the court,) and had been discharged, even in that case tbe debt to tbe Commonwealth would not have been satisfied. In Webster’s ease, 8 Gratt. 702, Judge Lomax, in pointing out tbe distinction between a capias ad satisfaciendum and a capias pro fine, said “that tbe imprisonment under tbe capias pro fine was, in respect of such fine, not as a debt, but as a punishment for tbe crime, until tbe fine was paid. It is true that a capias pro fine is an execution, to compel tbe payment of tbe fine, as tbe capias ad satisfaciendum is to compel tbe payment of tbe debt, notwithstanding that point of resemblance, these two species of process were never confounded in practice.”
“ In tbe original structure of tbe two writs, tbe levy of tbe ca. sa. was made a direct satisfaction of tbe debt; but in tbe frame of tbe writ of capias pro fine tbe imprisonment did not purport to be a satisfaction of tbe fine; it was a part of tbe punishment; and tbe fine still re- ' mained in full force, and could only be redeemed by satisfaction of tbe fine, whenever it might be made. * * * * Tbe levy of tbe ca. sa. was attended with consequences which do not seem to have attended tbe imprisonment under tbe capias pro fine—such as tbe voluntary enlargement of tbe prisoner to discharge tbe debt, tbe effect and tbe liabilities arising under an escape, tbe privilege of tbe prisoner to discharge bis person from custody under tbe ca. sa., by making a surrender of bis property, thereby in effect converting tbe ca. sa. into a *17 fi. fa. In all these particulars a distinction is observable between the capias ad satisfaciendum and the capias pro fine.” It was accordingly held in that case, that “where , . . . n . j, n n a party is imprisoned upon a capias pro fine, tor a line and costs, he can only obtain his discharge from imprisonment by paying the fine and costs.” But the term of his imprisonment, under such capias, is limited by the provision of the statute; which will be noticed presently.
In Rorth Carolina it was held that where a defendant is ordered into custody, upon a conviction, until he shall pay the fine and costs imposed by the judgment, and is permitted by the sheriff to escape, this is no discharge of the judgment. State v. Simpson; 1 Jones Law N. C. R., 80. See also Hawkins v. Hall, 3 Ired. Eq., R. 280. This first named case, seems to be one exactly in point; for in that case, as in this, the defendant was ordered into custody until he should pay a fine and costs, and was permitted by the sheriff to go at large without authority. The fact of the discharge was relied on as a discharge of the fine; but it was held, he might be again taken in custody under a capias, and be held until the fine was paid. See, also, on this point, 1 Bishop Crim. Proceedings, § 874, p. 875.
But I think the question is free from doubt, when reference is had to the provisions of our Code on this subject. The 18th section of ch. 209, Code of 1860, p. 842, is in these words (§ 18.) If a person who is sentenced to be confined in jail a certain term, and afterwards, until he pay a fine and the costs of the prosecution, fail to pay such fine and costs before the end of said term, he shall continue in confinement until the same be paid, or his discharge be ordered by the court. But the additional confinement shall in no case exceed six months from the end of said term.”
*18 How, it is certain that under this provision, if the defendant in custody escapes, or he is permitted by the sheriff:' to go at large without the authority of the court, his debt to the Commonwealth is not discharged. That is never discharged, until he pays the fine and costs of the prosecution. lie may be discharged from custody when he remains in jail six months from the end of the term, or previously discharged by order of the court, or in the mode prescribed in the 19th section; which latter mode will be noticed presently, in another connection.
But much has been said of the hardship and inhumanity of the rule which would hold, that while the Governor, in the exercise of Executive clemency, remitted the four months’ imprisonment imposed by the judgment of the court, and induced to do this, because of the physical condition of the defendant, certified by physicians, yet he must still remain in jail until the fine is paid. It is sufficient to remark, that the object of penal laws is to punish their violations, and to make that punishment certain and effective. With the hardship or inhumanity of the laws, this court has nothing to do, but must execute the laws as they find them. As before observed, the Governor went to the extent of his authority in remitting the four months’ imprisonment. His action did not, and could not, remit the fine, or in any. way affect the remedies given by law to the Commonwealth, to enforce the payment.
There is a plain mode prescribed by statute, of which every defendant, situated like the defendant in error here, may avail himself for relief. The 19th section of chapter 209, Code of 1860, provides that, “Whenever a ' person is in jail under a capias pro fine, issued from any court in this Commonwealth, on application to the court from the clerk’s office of which such execution issued, or to the Judge of such court, in vacation, as the case may, *19 be, if to such, court or Judge it shall appear proper, may order the person so in jail to be released from imprisonment, without the payment of the money mentioned in such execution; provided however, that in all such applications, the attorney for the Commonwealth, of the court from which the execution issued, shall have ten days’ notice of such application.” Sec. 20 provides that, “ "Whenever any court of this Commonwealth shall have directed any person convicted of a misdemeanor, to be confined in jail until the fine imposed upon such person, or until the costs of the prosecution shall have been paid, the person so confined may be released in the manner provided for in the preceding section; provided, that nothing in this act shall prevent the issue of a fieri facias, after such release from jail.”
It will thus be seen that the statute has in plain terms prescribed the mode in which a party may be released from imprisonment, both when he is in execution under a capias pro fine, as well as when upon conviction he is ordered hy the court to be held in custody until the fine is paid.
It is plain, therefore, that there is, under our laws, no means by which a party assessed with a fine as the penalty of a misdemeanor, (and who is ordered by the court to be imprisoned until the fine is paid,) to discharge his obligation to the Commonwealth, except by either paying the fine and costs, by being discharged by serving his term of six months, or being released in the mode prescribed by the 19th and 20th sections of chap. 209, just referred to.
I am, therefore, of opinion that the Governor’s pardon did not have the effect (as by its terms, in strict conformity with the statute law, it was not so intended) to remit the fine imposed by the court, and does not in any manner interfere with the remedies of the Common *20 wealth to enforce the payment of that fine. I am further of opinion, that the Circuit court of Prince Edward was in error in discharging the defendant, upon the writ of habeas corpus issued by him; and that the defendant is ¡iabie to be arrested upon the Commonwealth’s writ of capias pro fine, and imprisoned until the fine due the Commonwealth and the costs of prosecution are paid, or until he is discharged in the mode prescribed by the statute. If the physic-el condition of the defendant is such that further imprisonment would be (as alleged) of serious detriment to his health, that is matter to be addressed to the court which convicted him, or the Judge in vacation. If, in the language of the statute, “it shall appear proper,” he may be released from prison “without the payment of the sum mentioned in the execution.” Until this is done, in the mode px-escribed by law, the defendant is liable to all the penalties which the Commonwealth may lawfully enforce against her violated laws.
I am of opinion, therefore, that the judgment of the Circuit court of Prince Edward is erroneous, and ought to be reversed.
The other Judges concurred in the opinion of Chbistian, J.
Judgment bevebsed.